## GRAND HAVEN STATE BANK v. CHURCH.

FRAUDULENT CONVEYANCES—INTENT TO DEFRAUD CREDITORS—CONSIDERATION.

Transfer to daughter by father, who was in failing financial circumstances, of all of his property in consideration of his support and maintenance, was properly adjudged to have been in fraud of creditors, where father remained in possession, collected rents, and retained proceeds, and no support was furnished by daughter; especially where father's testimony shows actual intent to defraud.

Appeal from Kent; Dunham (Major L.), J. Submitted January 15, 1931. (Docket No. 99, Calendar No. 35,377.) Decided February 27, 1931.

Judgment creditor's bill by Grand Haven State Bank, a Michigan banking corporation, against Fred J. Church and others in aid of execution and to discover assets. Decree for plaintiff against defendants Church and Wilson. Defendant Church appeals. Affirmed.

*Arnold Levandoski* and *Irving H. Smith,* for appellant.

*Louis H. Osterhous,* for appellee.

McDonald, J. This is a judgment creditor's bill filed in aid of execution and to discover assets of the judgment debtor.

The plaintiff recovered a judgment on two renewal notes against Howard L. McCarrick and defendant Fred J. Church for $6,848.32 and costs amounting to $20. Executions issued thereon were returned *nulla bona.* An alias execution then issued to the sheriff of Kent county who levied on the interest of defendant Church in certain real estate in the city of Grand Rapids. This property had been conveyed previously by deed to his daughter, defendant Ethelyn E. Wilson. Later he gave her stock and bonds of the approximate value of $9,000 under an agreement that, for this consideration and in consideration of the deed to the real estate previously conveyed, she should support him during the balance of his life. The plaintiff claims that both transactions are void because fraudulent as to creditors, and asks to have them set aside and applied

in satisfaction of the judgment. The defendants Church and Wilson, answering, denied that the conveyance and transfer were fraudulent, and alleged that they were executed and delivered for a valuable consideration before the indebtedness on which the plaintiff's judgment is based was incurred. On the hearing, the court dismissed the bill as to the Grand Rapids National Bank, and set aside the conveyance of the real estate and transfer of the personal property on the ground that they were void as to creditors. The defendant Church has appealed.

We will first consider the conveyance of the real estate by defendant Church to his daughter. Was it fraudulent as to creditors?

In his brief, the defendant states the consideration to be as follows:

"His consideration in making this conveyance was two-fold; namely, in reliance upon his daughter's business ability, to provide himself with support and maintenance for the rest of his life without work and worry, and to insure whatever might remain thereof, after his death, being held in trust for his grandchildren in California, whose mother, his daughter, was dead, and whose father was worthless. Defendant was a widower and had no home, and of course, wished to provide himself with one with his daughter."

A few months after the conveyance was made, the agreement to support was reduced to writing and signed by Church and his daughter. At that time, he transferred to her the balance of his property consisting of stocks and bonds. In the written agreement, it was declared that the transfer of this property and the previous conveyance of the real estate should constitute the consideration for the

daughter's promise to support him during the balance of his life. He was a witness on the hearing of this case and testified on direct examination as to his purpose in making this agreement. He said:

"*Q*. At the time you made this agreement did you make it for the purpose of evading payment of any of the debts you had?

"*A*. Why, I lost so much money, beaten out of it, I did not feel really I was safe in having anything with me in my hands."

This testimony, which shows an actual intent to defraud, is in harmony with all the circumstances attending the two transactions complained of. The daughter, who is grantee in the deed, lives in Detroit. Her father lives in Grand Rapids. The real estate conveyed is in Grand Rapids. It consists of an apartment house valued by Church at about $10,-000. He remained in possession, collected the rents, and retained the proceeds. The daughter paid nothing. She gave him no support. It was not necessary, for, at the time he made the deed, he was active in business and was drawing a salary of $50 a week besides the rents from his apartment house. The deed was given when he was in failing financial circumstances. It was recorded, apparently in anticipation of liability, a few weeks before his business went into the hands of a receiver. The plaintiff was a creditor at the time. The record presents a clear case of a debtor fraudulently placing his property beyond reach of his creditors for the purpose of evading his debts. The trial court correctly disposed of the issue. The decree is affirmed, with costs against the defendant Church.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.